IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YAHEE TECHNOLOGIES CORP., <br><br> Plaintiff, <br><br> v. <br><br> MAISON ARTS SPECIAL CO., LTD., <br><br> Defendant. | Case No. <br><br> JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY AND FOR DAMAGES FOR TORTIOUS INTERFERENCE**

Plaintiff YAHEE TECHNOLOGIES CORP. ("Plaintiff"), by and through the undersigned attorney, for its complaint for declaratory judgment of non-infringement and invalidity and for damages for tortious interference against MAISON ARTS SPECIAL CO., LTD. ("Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of non-infringement and invalidity of United States Patent No. D994,356 (the "D'356 patent") and for damages for tortious interference.

2. Plaintiff requests relief because Defendant tortiously interfered with Plaintiff's contractual and business relations by causing Amazon, Inc. ("Amazon") to remove Plaintiff's certain products from Amazon's online retail platform based on the false and objectively baseless accusation that Plaintiff's products infringe the D'356 patent.

3. Plaintiff comes to this Court seeking relief under the patent laws of the United States, 35 U.S.C. § 1, et seq., and the Declaratory Judgment Act, 28 U.S.C. § 2201.

1

4. Plaintiff has not infringed, and is not infringing, the claim of the D'356 patent. Plaintiff thus seeks a declaratory judgement to that effect, so that it may remove the cloud of uncertainty arising from Defendant's frivolous allegations of infringement.

5. The removal of Plaintiff's products from Amazon's online retail platform has caused significant loss of business to Plaintiff and is continuing to cause material injury to Plaintiff.

6. Plaintiff seeks damages to compensate for the loss of business and injury proximately caused by Defendant's tortious interference.

7. Plaintiff further seeks injunctive relief requiring Defendant to notify Amazon that Plaintiff products do not infringe the D'356 patent and to take all actions necessary to reinstate Plaintiff's product listings on Amazon.

## THE PARTIES

8. Plaintiff is a corporation organized under the laws of the State of California with its registered address at 1532 S VINEYARD AVE, ONTARIO, CA 91761.

9. Upon information and belief, Defendant is a company organized and existing under the laws of the People's Republic of China located at No. 4, Gupinggang, Gulou District, Zhimengyuan, Nanjing City, Jiangsu Province, CHINA 210000.

10. Defendant may be served with process or notice of these proceedings by service upon its designated registered agent with the United States Patent and Trademark Office: Chun-Ming Shih, Lanway IPR Services LLC, 13611 Northbourne Dr., Centreville, VA, 20120.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States, 35 U.S.C. § 1 et seq.

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because complete diversity exists between the Plaintiff and defendant and the amount in controversy is greater than $75,000.

13. This Court has specific and general personal jurisdiction over Defendant. Upon information and belief, Defendant regularly, systematically, and continuously solicits business within Illinois and within this District via its online stores on the e-commerce platforms such as Wayfair and Amazon, where it sells and offers for sale products that compete with Plaintiff's products.

14. More specifically, Defendant raised with Amazon the false and objectively baseless allegation that certain products sold by Plaintiff on Amazon's e-commerce platform infringed the D'356 Patent, thereby causing the wrongful removal of Plaintiff's products from Amazon. Defendant' frivolous accusations of infringement were made with the specific intent to cause, and actually caused direct injury to Plaintiff within Illinois.

15. Defendant has established sufficient minimum contacts with this District such that it should reasonably and fairly anticipate being called into court in this District.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(c) as Defendant is a foreign company which resides in the People's Republic of China.

## THE D'356 PATENT

17. The D'356 Patent discloses an ornamental design for a barstool. See D'356 Patent, Figs. 1-7, attached hereto as Exhibit A.

18. The D'356 Patent was filed on February 1, 2021, and issued August 8, 2023.

19. Defendant is the owner by assignment, with all rights and title, of the D'356 Patent.

20. Chun-Ming Shih is the listed attorney and agent of record with the USPTO for the D'356 Patent.

## FACTUAL BACKGROUND

21. Plaintiff sells, among other things, barstools via its Amazon storefront, YaheeTach. Plaintiff has enjoyed considerable commercial success over time.

4

22. Plaintiff has been selling its barstools for approximately two years since at least as early as January 3, 2022. Below is an exemplary photo of a Plaintiff's barstool.



23. Upon information and belief, other peer sellers on Amazon, such as the brand "Nathan James" has been selling barstools with the exact same design as the D'356 Patent discloses since at least as early as December 13, 2018.



24. Product review photos posted by various consumers substantiate that the barstools with the exact same design as the D'356 Patent discloses has been delivered to consumers at least as early as May 2, 2019, over twelve months before the filing date of the D'356 Patent. Screenshots of consumer reviews with the review posting date is attached as Exhibit B. Below is a screenshot of an exemplary consumer reviews.



25. Nevertheless, Defendant has secured the D'356 Patent and is listed as the sole assignee on the face of the patent.

26. In August 2023, immediately after the D'356 patent was issued, Defendant ran to Amazon, alleging that Plaintiff's certain barstool products infringe the D'356 patent.

27. To handle allegations like Defendant's, Amazon deactivates the allegedly infringing product listing webpages immediately after a patent holder reports suspected infringement. A patent holder does not need to submit any specific evidence to support its "infringement report", nor does the submitting party need to have a court order. The patent holder simply affirms that it has good-faith belief in its infringement allegations.

28. Because of Defendant's false allegation, Plaintiff's barstool product listings were deactivated, and some even removed from Amazon.

29. Upon information and belief, Defendant has alleged to Amazon that more than six (6) product listings of Plaintiff's barstools infringe the D'356 patent. Plaintiff's products subject to Defendant's allegations include products associated with the following Amazon Standard Identification Numbers: B09PKZR6FK, B09T5RY7KH, B0B4SBVWDQ, B0B7HLGD42, B0BL94SNQW, B0BLC3ZH4F (collectively, the "Accused Products"). Samples of Plaintiff's barstool listing pages being deactivated is attached as Exhibit C.

30. As a result of Defendant' allegations, none of the Accused Products are available on Amazon in any way.

31. Defendant knew or should have known that numerous prior sales on Amazon are invalidating prior art to the D'356 Patent. The identical nature of the prior sales, as discussed herein, can only point to Defendant copying the existing designs in an attempt to gain design patent protection in the United States and to extort money from various Amazon sellers including Plaintiff.

32. By alleging infringement of the D'356 Patent against Plaintiff, Defendant has made bad faith allegations that are knowingly and objectively false.

7

33. Importantly, a majority of Plaintiff U.S. sales of the Accused Products are made via the Amazon marketplace, and thus Plaintiff is suffering immediate and significant financial losses given its inability to sell the Accused Products on that platform.

34. Given the volume percentage of sales that Plaintiff has relied upon via the Amazon marketplace over the life of these Accused Products, it now faces immediate and seemingly irreparable harm. Indeed, the majority of Plaintiff's U.S. sales for the Accused Products go through Amazon. These takedowns are effectively a permanent injunction against the majority of Plaintiff's barstool sales, one that Defendant would not be able to obtain from a U.S. court because they could not satisfy the requirements for injunctive relief.

35. Additionally, Plaintiff is quickly approaching a time where not only can it not sell its products, but it will be obligated to either pay Amazon to store products sitting in Amazon warehouse or else to ship, store, and sell the products elsewhere.

36. Plaintiff attempted to communicate with Defendant directly to resolve the dispute amicably in good faith but received no response from Defendant.

37. Plaintiff has been told that a judicial declaration of non-infringement would provide a vehicle for reinstatement of its listings, thus emphasizing the need for judicial intervention.

38. Plaintiff now seeks a declaratory judgment of invalidity and non-infringement of the D'356 Patent, and damages to compensate for the loss of business and injury caused by Defendant's tortious interference.

**CLAIM I: DECLARATORY JUDGMENT OF PATENT INVALIDTY**

39. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

40. The D'356 Patent is invalid for failing to comply with at least the condition of patentability set forth in 35 U.S.C § 102. Specifically, the D'356 Patent is anticipated by the cited prior art herein.

41. As plainly shown below in a side-by-side comparison of the prior art sales on Amazon.com and the D'356 Patent, the prior art sales invalidate the D'356 Patent because the prior art was on sale over 12 months before the filing date of the D'356 Patent.



| D'356 Patent – Filed 2/1/2021 | Prior Art |
|---|---|
|  | On the market at least as early as December 13, 2018 |

42. As shown above, the claimed design of the D'356 Patent is identical to the prior art, which discloses the same barstool design. As such, each and every claimed design element of the D'356 Patent is anticipated by the prior art sales.

43. Pursuant to the Federal Declaratory Judgment Act, Plaintiff seeks a judicial declaration of invalidity of the D'356 Patent for failing to meet the condition of patentability set forth in 35 U.S.C. § 102, as the D'356 Patent is anticipated by the prior art, and is, therefore, invalid.

## CLAIM II: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

44. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

45. Since the D'356 Patent is invalid for failing to comply with at least the condition of patentability set forth in 35 U.S.C § 102, it is axiomatic that the Accused Products do not infringe the D'356 Patent. Commil USA, LLC v. Cisco Sys., Inc., 575 U.S. 632 (2015) (stating that it is axiomatic that one cannot infringe an invalid patent because there is nothing to infringe upon).

46. Pursuant to the Federal Declaratory Judgment Act, Plaintiff seeks a judicial declaration that the Accused Products do not infringe the D'356 Patent because the D'356 Patent is invalid.

## CLAIM III: TORTIOUS INTERFERENCE WITH PROSPECTIVE AND EXISTING CONTRACTUAL AND BUSINESS RELATIONS

47. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

48. Defendant's claims that the Accused Products infringed the D'356 Patent were frivolous and objectively baseless because no colorable or good faith argument existed that the Accused Products infringed the D'356 Patent and the D'356 Patent is invalid.

49. Defendant's actions induced Amazon to discontinue the Accused Products and to remove those products from Amazon's website, thereby making it impossible for Plaintiff to continue selling these products on the Amazon website.

50. Defendant tortiously interfered with Plaintiff's business with Amazon and with Amazon's customers, with specific intent to cause harm to Plaintiff and its business, by raising frivolous claims of infringement with Amazon.

51. As a direct and proximate result of Defendant's tortious interference, Plaintiff has lost material sales of the accused products. Plaintiff's goodwill and reputation have also been injured.

## DEMAND FOR JURY TRIAL

52. Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

53. WHEREFORE, Plaintiff respectfully prays that this Court enter judgment as follows:

a. Declaring that the D'356 Patent is invalid;

b. Declaring that the manufacture, use, sale, offer for sale, importation, and/or marketing of Plaintiff's Accused Products has not infringed and does not infringe, either directly or indirectly of the D'356 patent;

c. That the Court enter an order requiring Defendant to take all efforts necessary to cause Amazon to reinstate Plaintiff's products that were improperly deactivated and/or removed due to Defendant' false claims of infringement;

d. That the Court find that Defendant has tortiously interfered with Plaintiff's contractual relations;

e. That the Court find that Defendant has tortiously interfered with Plaintiff's prospective business relationships;

 f. That the Court award actual damages, unjust enrichment, and exemplary and punitive damages in an amount to be determined at trial against Defendant;

 g. Declaring that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorneys' fees incurred in this action pursuant to 35 U.S.C § 285; and

 h. Further relief as the Court may deem just and proper.

 

Respectfully Submitted,

Dated: November 7, 2023

*/s/ Zheng Gong*
Zheng Gong
ShinyRise PLLC
1 East Erie St., Suite 525-5203
Chicago, IL 60611
Zheng.gong@shinyrise.com
(202)818-8086

Attorney for Plaintiff